UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HERNANDEZ, # 140042,

        Plaintiff,

v.

CINDI CURTIN,

        Defendant.

Case No. 1:09-cv-37

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

       This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently a security level II prisoner at the Earnest C. Brooks Correctional Facility (LRF). The defendant is Cindi Curtin, Warden of the Oaks Correctional Facility (ECF). Plaintiff's complaint arises out of his February 2008 major misconduct convictions at the Kinross Correctional Facility (KCF) and subsequent transfer to ECF as a security level IV prisoner. His complaint is not a model of clarity, but he apparently believes that he was entitled to a transfer back to KCF after he served the sixty days of detention that he received as a result of his major misconduct convictions. He requests injunctive relief in the form of an order compelling defendant Curtin to transfer him back to KCF. The matter is before the court on cross-motions for summary judgment. (docket #'s 23, 42).[1] For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (docket # 42) be denied, that defendant's motion for summary judgment (docket # 23) be granted,

---

[1] Plaintiff did not file a separate motion for summary judgment. He filed a "Brief in Support of Plaintiff Hernandez['s] Motion for Summary Judgment" (docket # 42) in which he requested entry of judgment in his favor. Plaintiff's brief is indulgently treated as his motion for summary judgment.

and that an order implementing these recommendations be entered. I further recommend that a judgment be entered in defendant's favor on all plaintiff's claims.

### **Applicable Standards**

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005); *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005). "'[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.'" *Bowling Irrevocable Trust*, 410 F.3d at 309 (quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)); *see Appoloni v. United States*, 450 F.3d 185, 189 (6th Cir. 2006).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of

fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is serving lengthy prison sentences following his conviction on two counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, and one count of larceny from a person. *People v. Hernandez*, No. 204577, 1999 WL 33447029 (Mich. Ct. App. Apr. 16, 1999). On February 12, 2008, plaintiff was found guilty of the major misconduct charges of threatening behavior and insolence stemming from a February 1, 2008 incident at KCF for yelling at Nurse Wilson and for disobeying a direct order. (docket # 24, Ex. B). Plaintiff was sentenced to sixty days of detention on his major misconduct convictions. (*Id.*).

On February 21, 2008, plaintiff was transferred from KCF to ECF. (*Id.*, Ex. E). Plaintiff arrived at ECF on February 22, 2008, and was housed in administrative segregation from that date until his June 11, 2008 release into ECF's general population. (*Id.*, Ex. I). On September 19, 2008, plaintiff filed this lawsuit against ECF's Warden, Cindi Curtin.

### Discussion

**1.     Mootness**

Plaintiff is an inmate at LRF. His claim for injunctive relief against ECF's warden is moot. *See Cardinal v. Metrish*, 564 F.3d 794, 789-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

**2.     Claims Against Warden Curtin**

Assuming *arguendo*, that plaintiff's claims had not been rendered moot, Warden Curtin would still be entitled to judgment in her favor as a matter of law. Plaintiff does not enjoy the right to be housed at the institution of his choice and he has no liberty interest in his place of incarceration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Plaintiff does not have a constitutional right to be incarcerated within a particular security classification. *See Meachum v. Fano*, 427 U.S. at 228-29; *Brand v. Morley*, 526 F.3d 921, 923 (6th Cir. 2008). His claim that he remained in administrative segregation for a total of three months after being convicted of two major misconduct charges is not an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Ortiz v. Jordan*, 316 F. App'x 449, 454 (6th Cir. 2009).

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (docket # 42) be denied, that defendant's motion for summary judgment (docket # 23) be granted, and that an order implementing these recommendations be entered. I further recommend that the court enter a separate and final judgment in defendant's favor on all plaintiff's claims.

Dated: October 20, 2009     /s/ Joseph G. Scoville
                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).