UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HERNANDEZ,
          Plaintiff,

No. 1:09-cv-37

-v-

HONORABLE PAUL L. MALONEY

CINDI CURTIN,
          Defendant.

## ORDER

Plaintiff Hernandez filed a *pro se* civil rights claim under 42 U.S.C. § 1983. Defendant Curtin filed a motion (Dkt. No. 23) for summary judgment. Plaintiff filed a response and a cross-motion for summary judgment. (Dkt. No. 42.) On October 20, 2009, the magistrate judge issued a report (Dkt. No. 47) recommending Defendant's motion be granted.

On October 30, 2009, this court received Plaintiff's motion (Dkt. No. 48) for an extension of time to file a reply to the report and recommendation. The motion is dated October 28 and indicates Plaintiff received the report and recommendation. The motion was granted (Dkt. No. 49) and Plaintiff was given until December 2, 2009 to file objections. On November 4, 2009, Plaintiff filed an untitled document which summarized his claims and the standard for summary judgment. (Dkt. No. 50.) The court construed the document as his objection to the report and recommendation. The court then issued an order (Dkt. No. 51) adopting the report and recommendation over objections.

Plaintiff has since filed two additional documents. On December 4, 2009, Plaintiff filed a motion (Dkt. No. 54) for granting magistrate order, which this court interprets as a request for leave to file an objection within the time allowed by the magistrate judge's order. The same day, Plaintiff also filed objections (Dkt. No. 55) to the report and recommendation. Plaintiff states he was not served with the report and recommendation until November 5, 2009.

The relief requested by Plaintiff in his documents filed December 4, 2009 is **DENIED.** By

his own admission, Plaintiff received the report and recommendation before October 30. Although

Plaintiff had until December 2 to file objections to the report and recommendation, on November

4, Plaintiff filed a document addressing the issues raised in the report and recommendation. The

court properly addressed the document as Plaintiff's objections. Even if this court were to

reconsider its decision to adopt the report and recommendation, nothing in Plaintiff's later objection

addresses the alleged flaws identified in the report and recommendation. Plaintiff does not have a

liberty interest in being released from administrative segregation, absent atypical and significant

hardship. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("placement in

administrative segregation is a routine discomfort that is a part of the penalty that criminal offenders

pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim."

(quoting *Murray v. Unknown Evert*, 84 F.App'x 553, 556 (6th Cir. 2003)); *Johnson v. Wilkinson*,

229 F.3d 1152 (6th Cir. 2000) (unpublished table opinion) ("a prisoner has no liberty interest in

remaining free from administrative segregation absent an atypical and significant hardship.");

*Muhammad v. Koski*, 70 F.3d 115 (6th Cir. 1995) (unpublished table opinion) ("Muhammad's due

process claim fails because his reclassification to administrative segregation did not implicate a

liberty interest."); *Walker v. Mintzes*, 771 F.2d 920, 933-934 (6th Cir. 1985) (rejecting claims that

various aspects of Michigan's administrative segregation policies violate a prisoner's constitutional

rights.

      **IT IS SO ORDERED.**

Date:   December 9, 2009                /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge